UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM L. HENNIGAN,

    Plaintiff,

v.   CASE NO. 6:09-cv-679-Orl-18GJK

SHERIFF DEMMINGS, et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion for Preliminary Injunction and/or a Motion for Temporary Restraining Order (Doc. No. 87, filed December 20, 2010). Although the allegations in the motion are somewhat incomprehensible, it appears that Plaintiff seeks a preliminary injunction because he is in fear that a warrant will be issued for his arrest in the state court for violating a domestic violence injunction that he never received, which would in turn result in a violation of his felony probation. *Id.* at 1-2. Plaintiff contends that in the state case, the jury was tampered with, the charges were false, and defense counsel, who was brainwashed, coerced and manipulated him into voluntarily dismissing his appeal. *Id.* at 2.

The Eleventh Circuit has fashioned a four-factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage

the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of ... a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and/or Local Rule 4.06, Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue. In this case, Plaintiff has failed to comply with the Local Rules in drafting his motion. Specifically, Plaintiff has not supported his motion with comprehensible facts that indicate that he is threatened with irreparable injury, nor has he demonstrated a likelihood that he will ultimately prevail on the merits of his claims in this case. *See* Local Rules 4.05 and 4.06 (b)(2) - (4), Middle District of Florida.

Additionally, Plaintiff has failed to demonstrate that he will suffer irreparable injury if the motion for preliminary injunction is not granted. Whether Plaintiff is arrested for violating his felony probation and for violating a domestic violence injunction is unrelated

2

to the instant case and the issues presented.[1] Federal courts should not stay or enjoin pending state proceedings absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff can challenge any violation of probation or arrest for violation of a domestic violence injunction in his state court proceedings. Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into any pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit Court of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Plaintiff generally alleges that he will suffer "harm" or serious effects to his health and safety if he has to return to the Orange County Jail (Doc. No. 87 at 1-2). Plaintiff's motion is speculative and conclusory. *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000) (stating "[a]s we have

---

[1] In his third amended complaint Plaintiff alleges that Defendant Nieves used excessive force against him during an arrest (Doc. No. 28 at 8). Moreover, Plaintiff states that Defendant Demmings failed to properly train and supervise Defendant Nieves, which resulted in Plaintiff being physically injured during his arrest. *Id.*

emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent.") (quotation omitted). The motion does not contain any allegations against Defendant Nieves and contains only a speculative allegation that Defendant Demmings may harm Plaintiff in some way if he is returned to the Orange County Jail.

Plaintiff has failed to comply with the Local Rules in drafting his motion for preliminary injunction. Moreover, Plaintiff has not demonstrated that he will suffer irreparable harm if his motion is not granted. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Injunction and/or a Motion for Temporary Restraining Order (Doc. No. 87) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 27 day of December, 2010.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/27
William L. Hennigan
Counsel of Record